B1 (Official Form 1)(12/11)

| United States Bankruptcy Court<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Damjanovich, Milica** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-4519** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State):<br>**1351 S. Ridge Rd.**<br>**Willowbrook, IL**<br>ZIP Code **60527** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP Code |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| **Type of Debtor**<br>(Form of Organization) (Check one box)<br>■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.) | **Nature of Business**<br>(Check one box)<br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined<br>in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | **Chapter of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box)<br>■ Chapter 7<br>☐ Chapter 9     ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 11        of a Foreign Main Proceeding<br>☐ Chapter 12     ☐ Chapter 15 Petition for Recognition<br>☐ Chapter 13        of a Foreign Nonmain Proceeding |
|---|---|---|

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding<br>by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box)<br>■ Debts are primarily consumer debts,     ☐ Debts are primarily<br>defined in 11 U.S.C. § 101(8) as          business debts.<br>"incurred by an individual primarily for<br>a personal, family, or household purpose." |
|---|---|---|

| **Filing Fee** (Check one box)<br><br>■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must<br>attach signed application for the court's consideration certifying that the<br>debtor is unable to pay fee except in installments. Rule 1006(b). See Official<br>Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates)<br>are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors,<br>in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid,<br>there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | OVER<br>100,000 |

Estimated Assets

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

Estimated Liabilities

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001<br>to $1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than<br>$1 billion |

| # Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Damjanovich, Milica** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location Where Filed: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: **- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** **/s/ Linda G. Bal**                    **February 10, 2012** <br> Signature of Attorney for Debtor(s)               (Date) <br> **Linda G. Bal 6202830** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(12/11)

## Voluntary Petition

*(This page must be completed and filed in every case)*

| | Name of Debtor(s): |
| --- | --- |
| | **Damjanovich, Milica** |

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Milica Damjanovich**
Signature of Debtor   **Milica Damjanovich**

X _____
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**February 10, 2012**
Date

#### Signature of Attorney*

X **/s/ Linda G. Bal**
Signature of Attorney for Debtor(s)

**Linda G. Bal 6202830**
Printed Name of Attorney for Debtor(s)

**Linda Bal Law Inc.**
Firm Name

**207 N. Walnut Street**
**Itasca, IL 60143**

_____
Address

**Email: LindaBal@att.net**
**630-285-0255  Fax: 866-285-0754**
Telephone Number

**February 10, 2012**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. §110; 18 U.S.C. §156.*

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re __Milica Damjanovich__

Debtor(s)

Case No. _____

Chapter __7__

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

  ☐ **Incapacity.** (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

  ☐ **Disability.** (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

  ☐ **Active military duty in a military combat zone.**

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Milica Damjanovich**
                       **Milica Damjanovich**

Date:   **February 10, 2012**

Certificate Number: 03621-ILN-CC-017298514



03621-ILN-CC-017298514

# CERTIFICATE OF COUNSELING

I CERTIFY that on <u>February 8, 2012</u>, at <u>8:32</u> o'clock <u>PM EST</u>, <u>Milica Damjanovich</u> received from <u>Credit Card Management Services, Inc.</u>, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the <u>Northern District of Illinois</u>, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan <u>was not prepared</u>. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted <u>by internet</u>.

Date:   <u>February 8, 2012</u>                By:     <u>/s/Bill Sheehan</u>

Name:  <u>Bill Sheehan</u>

Title:  <u>Counselor</u>

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court

## Northern District of Illinois

In re    **Milica Damjanovich**                                                                ,
_____
Debtor

Case No. _____

Chapter_____**7**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 25 | 5,196.17 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 13 | | 24,682.22 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 535.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 535.00 |
| Total Number of Sheets of ALL Schedules | | 47 | | | |
| Total Assets | | | 5,196.17 | | |
| Total Liabilities | | | | 24,682.22 | |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re **Milica Damjanovich** ,
Debtor

Case No. _____

Chapter _____ **7** _____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 535.00 |
| Average Expenses (from Schedule J, Line 18) | 535.00 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 615.63 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 24,682.22 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 24,682.22 |

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6A (Official Form 6A) (12/07)

In re   **Milica Damjanovich**                                                ,        Case No. _____
                                              Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | | | |
|---|---|---|---|---|
| | | Sub-Total > | 0.00 | (Total of this page) |
| | | Total > | 0.00 | |

 **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

.

In re    **Milica Damjanovich**                                                              Case No. _____
                                                                    ,
                                              Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | | **Cash in purse**<br>**Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | - | 3.00 |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking account**<br>**Location: Oxford Bank & Trust, 66495 S. Cass Avenue, Westmont, IL 60559**<br>**Acct ending in 2401**<br><br>**Note: Account also held in the name of Sonja Damjanovich Smilga** | - | 1.50 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **Ordinary household goods and furnishings**<br>**Location: 1351 S. Ridge Rd., Willowbrook IL 60527**<br><br>**Couch, kitchen table and 6 chairs, bedroom set, bed amwar, end table dresser.** | - | 420.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Miscellanoeus wearing apparel**<br>**Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | - | 75.00 |
| 7. | Furs and jewelry. | | **Mink coat (20 years old) watch and misc costume jewelry**<br>**Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | - | 35.00 |
| 8. | Firearms and sports, photographic, and other hobby equipment. | | **Digital camera**<br>**Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | - | 20.00 |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

Sub-Total >            554.50
(Total of this page)

__3__    continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6B (Official Form 6B) (12/07) - Cont.

In re    **Milica Damjanovich**                                                                    ,    Case No. _____
                                                            Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **Retirement account Location: Thrift savings plan Acct ending in 3174** | - | **94.05** |
| | | **Retirement account Location: Adventist Midwest Management Acct ending in 1279** | - | **3,032.62** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **Anticipated income tax refund Location: IRS/IDR** | - | **1,500.00** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | **The Damjanovich Family Trust Location; Lazo Damjanovich and Roze Damjanovich, Willowbrook, IL** **Debtor is the beneficiary along with her with sister Sonja Smilga** **See Attachement #1 for Trust document Attachment #2 for Attorney Bal affadavit.** | - | **Unknown** |

Sub-Total >    **4,626.67**
(Total of this page)

Sheet  __1__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Milica Damjanovich**                                    ,    Case No. _____
                                                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | **Desktop computer, printer and accessoires** **Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | - | 15.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

Sub-Total >        15.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re   **Milica Damjanovich** _____,   Case No. _____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | |

Sub-Total >         0.00
(Total of this page)

Total >       5,196.17

Sheet __3__ of __3__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                    Best Case Bankruptcy

# THE DAMJANOVICH FAMILY

# DECLARATION OF TRUST

We, LAZO DAMJANOVICH and ROZE DAMJANOVICH, of Willowbrook, Illinois, as settlors, make this agreement with ourselves as Trustees, this _1st_ day of **January, 2005.** In the event that either of us shall cease, fail, or refuse to act for any reason, the other shall act as Successor Trustee. In the event that both of us shall cease, fail or refuse to act for any reason, SONJA SMILGA of Willowbrook, Illinois and MILICA DAMJANOVICH of Willowbrook, Illinois shall act as next Successor co-Trustees. In the event that either SONJA SMILGA or MILICA DAMJANOVICH shall cease, fail or refuse to act for any reason, we name the other to act individually as next Successor Trustee.

We hereby transfer to the trustee Ten Dollars ($10.00) and the property listed in the attached schedule and may cause the trustee to be designated as beneficiary of the life insurance policies, if any, described therein. That property, the proceeds of those policies, all additional property received by the trustee from any person by will or otherwise, and all investments and reinvestments thereof, are herein collectively referred to as the "trust estate" and shall be held upon the following trusts:

## FIRST ARTICLE

## INCOME TO SETTLOR AND DISABILITY CLAUSE

FIRST:      During our lifetimes the trustee shall pay so much or all of the income and principal of the trust estate to us or otherwise as we direct. If at any time or times either of us shall be unable to manage his/her affairs, the trustee may use such sums from the income and principal of the trust estate as the trustee deems necessary or advisable for the care, support and comfort of either or both of us and any person dependent upon either of us

1

or for any other purpose the trustee considers to be for our best interests. Any excess income shall be added to principal.

For purposes of this agreement, either of us shall be considered to be unable to manage his/her affairs if under a legal disability or by reason of illness or mental or physical disability would be unable to give prompt and intelligent consideration to financial matters. The determination as to this inability at any time shall be made by an attending physician, and the trustee may rely upon written notice of that determination.

## SECOND ARTICLE

## PAYMENT OF TAXES AND EXPENSES AT SETTLOR'S DEATH

SECOND:   Upon the death of each of the settlors herein, if there be no probate estate, or to the extent that the cash and readily marketable assets in the principal of the residue of the probate estate are insufficient, the trustee shall make the following payments from the principal of the trust estate. The trustee shall pay the expenses of last illness and funeral, costs of administration including ancillary, costs of safeguarding and delivering legacies, claims allowable against the estate (excluding debts secured by real property or life insurance), and pre-residuary legacies under a will if the will contains a residuary legacy to this trust. The trustee shall also pay the estate and inheritance taxes assessed by reason of death, except that the amount, if any, by which the estate and inheritance taxes shall be increased as a result of the inclusion of property in which either of us may have a qualifying income interest for life or over which either of us may have a power of appointment shall be paid by the person holding or receiving that property. Interest and penalties concerning any tax shall be paid and charged in the same manner as the tax. The trustee may make payment directly or to the legal representative of the estate, as the trustee deems advisable. We hereby waive all rights of apportionment or reimbursement for any payments made pursuant to this article. 

2

Assets or funds otherwise excludable from the gross estate for federal estate tax purposes shall not be used to make the foregoing payments. The trustee's selection of assets to be sold for that purpose or to satisfy any pecuniary gifts, and the tax effects thereof, shall not be subject to question by any beneficiary.

The trustee shall make such elections and allocations under the tax laws as the trustee deems advisable, without regard to the relative interests of the beneficiaries and without liability to any person. No adjustment shall be made between principal and income or in the relative interests of the beneficiaries to compensate for the effect of elections or allocations under the tax laws made by the legal representative of the estate or by the trustee.

The balance of the trust estate which remains after the foregoing payments have been made or provided for shall be held and disposed of as hereinafter provided.

### THIRD ARTICLE
### FAMILY AND MARITAL STATUS

THIRD:     We are currently married to each other. We have two children, now living, namely:

SONJA SMILGA

MILICA DAMJANOVICH

### FOURTH ARTICLE
### PROVISIONS FOR SURVIVING SPOUSE

FOURTH:    Upon the death of the first to die of the Settlors herein, the trustee shall continue to provide exclusively for the surviving spouse as provided in the FIRST Article. We hereby give the surviving Settlor all rights and privileges to amend or revoke this Trust Agreement in whole or in part.

### FIFTH ARTICLE
### DISPOSITION AT THE DEATH OF THE SURVIVOR

3

FIFTH:      SECTION 1: Upon the death of the survivor of us, the trustee shall distribute all of our personal and household effects according to the attached Schedule "B". The trustee shall distribute any property not so scheduled to our children in substantially equal shares as they agree. Any property as to which there is no agreement within sixty days of the death of the survivor of us shall be sold and the proceeds shall be added to the residue of this trust estate.

SECTION 2: The trustee shall distribute the real property known as 548 W. 65th Street, Willowbrook, Illinois to our daughters, SONJA SMILGA and MILICA DAMJANOVICH and our granddaughter, TATIANA SMILGA in equal shares, or if any fail to survive, then to the survivor(s) of them, subject, however, to SECTION 4 below.

SECTION 3: The trustee shall divide the remaining trust estate into equal shares, providing one share for each of our surviving children, and one share for the descendants, collectively, of each deceased child of ours, and shall distribute the share as soon as practicable after the death of the survivor of us, subject, however, to SECTION 4 below.

SECTION 4: Such amounts which are distributable to a beneficiary who has not reached the age of 30 years shall immediately vest in the beneficiary, but the trustee shall either (a) establish with the share a custodianship for the beneficiary under a Uniform Transfers or Gifts to Minors Act, naming the trustee or the trustee's nominee as Custodian, or (b) retain possession of the share as a separate trust, paying to or for the benefit of the beneficiary so much or all of the income and principal of the share as the trustee deems necessary or advisable from time to time for his or her health, maintenance in reasonable comfort, education (including postgraduate) and best interests, adding to principal any income not so paid, and distributing one half of the share to the beneficiary when he or she attains the age of thirty (30) and the remainder of the share to the beneficiary when he or she reaches the age of thirty-five (35).

## SIXTH ARTICLE
## TRUST PROVISIONS

4

SIXTH:   The following provisions shall apply to the trust estate:

## SECTION 1: FACILITY OF PAYMENTS TO MINORS AND DISABLED INDIVIDUALS:

If income or discretionary amounts of principal become payable to a minor or to a person under legal disability or to a person not adjudicated disabled but who, by reason of illness or mental or physical disability, is in the opinion of the trustee unable properly to manage his or her affairs, then that income or principal shall be paid or expended only in such of the following ways as the trustee deems best: (a) directly to the beneficiary or his or her attorney in fact; (b) to the legally appointed guardian of the beneficiary; (c) to a custodian for the beneficiary under a Uniform Transfers or Gifts to Minors Act; (d) by the trustee directly for the benefit of the beneficiary; (e) to an adult relative or friend in reimbursement for amounts properly advanced for the benefit of the beneficiary.

## SECTION 2: SPENDTHRIFT AND CREDITORS RIGHTS RESTRICTIONS:

The interests of beneficiaries in principal or income shall not be subject to the claims of any creditor, any spouse for alimony or support, or others, or to legal process, and may not be voluntarily or involuntarily alienated or encumbered. This provision shall not limit the exercise of any power of appointment.

## SECTION 3: SUCCESSOR BENEFICIARY'S RIGHT TO ACCRUED INCOME:

Income received after the last income payment date and undistributed at the termination of any estate or interest shall, together with any accrued income, be paid by the trustee as income to the persons entitled to the next successive interest in the proportions in which they take that interest, except that upon the death of the survivor of us the undistributed income shall be added to principal.

## SECTION 4: COMMINGLING OF SIMILAR TRUSTS:

For convenience of administration or investment, the trustee may hold separate trusts as a common fund, dividing the income proportionately among them, assign undivided interests to the separate trusts, and make joint investments of the funds belonging to them. The trustee may

consolidate any separate trust with any other trust with similar provisions for the same beneficiary or beneficiaries.

SECTION 5: **TRUSTEE'S POWERS:** The trustee shall hold, manage, care for and protect the trust property and shall have the following powers and, except to the extent inconsistent herewith, those now or hereafter conferred by law:

(a) To retain property (including stock of any corporate trustee hereunder or a parent or affiliate company) originally constituting the trust or subsequently added thereto, and to invest and reinvest the trust property in bonds, stocks, mortgages, notes, bank deposits, options, futures, limited partnership interests, shares of registered investment companies and real estate investment trusts, or other property of any kind, real or personal, domestic or foreign; the trustee may retain or make any investment without liability, even though it is not of a type, quality, marketability or diversification considered proper for trust investments;

(b) To cause any property, real or personal, belonging to the trust to be held or registered in the trustee's name or in the name of a nominee or in such other form as the trustee deems best without disclosing the trust relationship; 

(c) To vote in person or by general or limited proxy, or refrain from voting, any corporate securities for any purpose, except that any security as to which the trustee's possession of voting discretion would subject the issuing company or the trustee to any law, rule or regulation adversely affecting either the company or the trustee's ability to retain or vote company securities, shall be voted as directed by either of us if living, otherwise by the beneficiaries then entitled to receive or have the benefit of the income from the trust; to exercise or sell any subscription or conversion rights; to consent to and join in or oppose any voting trusts,

6

reorganizations, consolidations, mergers, foreclosures and liquidations
and in connection therewith to deposit securities and accept and hold other
property received therefor;

(d) To lease trust property for any period of time though commencing in the
future or extending beyond the term of the trust;

(e) To borrow money from any lender, extend or renew any existing
indebtedness and mortgage or pledge any property in the trust;

(f) To sell at public or private sale, contract to sell, convey, exchange transfer
and otherwise deal with the trust property and any reinvestments thereof,
and to sell covered call options, from time to time for such price and upon
such terms as the trustee sees fit;

(g) To employ agents, attorneys and proxies and to delegate to them such
powers as the trustee considers desirable;

(h) To compromise, contest, prosecute or abandon claims in favor of or
against the trust;

(i) To distribute income and principal in cash or in kind, or partly in each,
and to allocate or distribute undivided interests or different assets or
disproportionate interests in assets, and no adjustment shall be made to
compensate for a disproportionate allocation of unrealized gain for federal
income tax purposes; to value the trust property and to sell any part or all
thereof in order to make allocation or distribution; no action taken by the
trustee pursuant to this paragraph shall be subject to question by any
beneficiary;

(j) To deal with, purchase assets from, or make loans to, the fiduciary of
either of our estates or any other estate or trust in which any beneficiary

7

under this agreement has an interest, though a trustee hereunder is the fiduciary, and to retain any assets or loans so acquired, although not of a type, quality, marketability or diversification considered proper for trust investments; to deal with a corporate trustee hereunder individually or a paren: or affiliate company;

(k) To determine in cases not covered by statute the allocation of receipts and disbursements between income and principal, except that (i) if the trust is beneficiary or owner of an individual account in any employee benefit plan or individual retirement plan, income earned after death in the accol.nt shall be income of the trust, and if the trustee is required to pay all trust income to a beneficiary, the trustee shall collect and pay the income of the account to the beneficiary at least quarterly (and to the extent that all income cannot be collected from the account, the deficiency shall be paid from the principal of the trust), and (ii) reserves for depreciation shall be established out of income only to the extent that the trustee determines that readily marketable assets in the principal of the trust will be insufficient for any renovation, major repair, improvement or replacement of trust property which the trustee deems advisable;

(l) To elect, pursuant to the terms of any employee benefit plan, individual retirement plan or insurance contract, the mode of distribution of the proceeds thereof, and no adjustment shall be made in the interests of the beneficiaries to compensate for the effect of the election;

(m) To inspect and monitor businesses and real property (whether held directly or through a partnership, corporation, trust or other entity) for environmental conditions or possible violations of environmental laws; to remediate environmentally-damaged property or to take steps to prevent environmental damage in the future, even if no action by public or private

8

parties is currently pending or threatened; to abandon or refuse to accept property which may have environmental damage; the trustee may expend trust property to do the foregoing, and no action or failure to act by the trustee pursuant to this paragraph shall be subject to question by any beneficiary; and

(n) To perform other acts necessary or appropriate for the proper administration of the trust, execute and deliver necessary instruments and give full receipts and discharges.

## SECTION 6: SETTLOR'S APPROVAL OF INVESTMENTS:

Notwithstanding the foregoing, while either of us is living and not unable to manage our affairs:

(a) No sale or investment shall be made without written approval, unless we fail to indicate approval or disapproval of any proposed sale or investment within 10 days after being requested to do so in writing.

(b) We shall have the power to direct the retention or sale of any trust assets and the purchase of property with any principal cash in the trust. If we direct the retention or purchase of an asset, the trustee shall have investment, voting and management responsibility for that asset unless we direct otherwise.

We, or the survivor of us may at any time or times, with or without right of revocation, by a writing delivered to the trustee delegate to any other person or the trustee or relinquish any or all of the powers reserved to us hereunder.

The statement of the trustee that it is acting according to this section shall fully protect all persons dealing with the trustee. The trustee shall have no responsibility for any loss that may result from acting in accordance with this section.

## SECTION 7: **TRUSTEE ACCOUNTING AND COMPENSATION:**   A

trustee (other than us or the survivor of us) shall render an account of trust receipts and disbursements and a statement of assets at least annually to each adult beneficiary then entitled to receive or have the benefit of the income from the trust. An account is binding on each beneficiary who receives it and on all persons claiming by or through the beneficiary, and the trustee is released, as to all matters stated in the account or shown by it, unless the beneficiary commences a judicial proceeding to assert a claim within five years after the mailing or other delivery of the account. The trustee shall be reimbursed for all reasonable expenses incurred in the management and protection of the trust, and any corporate trustee shall receive compensation for its services in accordance with its schedule of fees in effect from time to time. A trustee's regular compensation shall be charged against income during our lifetimes and thereafter half against income and half against principal, except that the trustee shall have full discretion at any time or times to charge a larger portion or all against income.

## SECTION 8:   **DISCRETIONARY TERMINATION OF A TRUST:**

A corporate trustee in its discretion may terminate and distribute any trust hereunder if the corporate trustee determines that the costs of continuance thereof will substantially impair accomplishment of purposes of the trust. Distribution under this section shall be made to the persons then entitled to receive or have the benefit of the income from the trust in the proportions in which they are entitled thereto, or if their interests are indefinite, then in equal shares.

## SECTION 9:   **TRUSTEE SUCCESSION:**   Any trustee may resign at

any time by written notice to us if either of us is living, otherwise to each beneficiary then entitled to receive or have benefit of the income from the trust. In the case of the resignation, refusal or inability to act of any trustee, we, if we are living, otherwise the beneficiary or a majority in interest of the beneficiaries then entitled to receive or have the benefit of the income from the trust, shall appoint a successor trustee, but no beneficiary or person legally obligated to a beneficiary shall be a successor trustee.

10

Every successor trustee shall have all the powers given the originally named trustee. No successor trustee shall be personally liable for any act or omission of any predecessor. With our approval, if we are living, otherwise with the approval of the beneficiary or a majority in interest of the beneficiaries then entitled to receive or have the benefit of the income from the trust, a successor trustee may accept the account rendered and the property received as a full and complete discharge to the predecessor trustee without incurring any liability for so doing.

The parent or legal representative of a beneficiary under disability shall receive notice and have authority to act for the beneficiary under this section.

No trustee wherever acting shall be required to give bond or surety or be appointed by or account for the administration of any trust to any court.

SECTION 10:   **POWER OF APPOINTMENT BY WILL:**   In disposing of any trust property subject to a power to appoint by will, the trustee may rely upon an instrument admitted to probate in any jurisdiction as the will of the donee. If the trustee has no actual notice of a will which exercises the power, the trustee may rely on any document or other evidence in making payment under this agreement and shall not be liable for any payment made in good faith before it receives actual notice of a changed situation.

SECTION 11:   **LIFE INSURANCE:**   With respect to any policy of life insurance under which the death benefits are made payable to the trustee:

(a) The owner or owners thereof reserve all available benefits, privileges, payments, dividends, surrender values, options and elections, including the right at any time or times to change the beneficiary, to pledge or assign the policy or its proceeds as collateral security for any loan which the owners may obtain from any lender, including a trustee hereunder individually or a parent or affiliate company, and to withdraw the policy if

11

deposited with the trustee, without any duty on the trustee to see to its return.

(b) The trustee need not pay or see to the payment of premiums or assessments on the policy.

(c) Upon the death of the insured thereunder the trustee shall take such action as the trustee deems best to collect the policy proceeds, paying the expense thereof from the trust estate, but the trustee need not enter into or maintain any litigation to enforce payment on the policy until indemnified to the trustee's satisfaction against all expenses and liabilities to which the trustee might thereby be subjected. The trustee may release the insurance company from its liability under the policy and make any compromise which the trustee deems proper.

(d) The insurance company shall not take notice of the provisions of this agreement or see to the application of the policy proceeds, and the trustee's receipt to the insurance company shall be a complete release for any payment made and shall bind every beneficiary under this agreement.

(e) The trust shall be operative with respect to the proceeds of the policy at the death of the insured thereunder, after deducting all charges by way of advances, loans or otherwise in favor of the owner or owners or any other person, for which the trustee shall seek reimbursement.

SECTION 12:     **SPECIAL TRUSTEE:**     If for any reason the trustee is unwilling or unable to act as to any property, such person or qualified corporation as the trustee shall from time to time designate in writing shall act a special trustee as to that property. Any person or corporation acting as special trustee may resign at any time by written notice to the trustee. Each special trustee shall have the powers granted to the trustee by this agreement, to be exercised only with the approval of the

12

trustee, to which the net income and the proceeds from sale of any part or all of the property shall be remitted to be administered under this agreement.

SECTION 13:                **GENERATION-SKIPPING:**   To enable trusts to be either completely exempt or nonexempt from generation-skipping tax, or for any other reason, the trustee may divide a trust into two or more separate trusts and may hold an addition to a trust as a separate trust. The rights of beneficiaries shall be determined as if the trusts were aggregated, but the trustee may pay principal to beneficiaries and taxing authorities disproportionately from the trusts. The trustee shall not be liable for deciding in its discretion to exercise these powers.

Upon division or distribution of an exempt trust and a nonexempt trust held hereunder, the trustee in its discretion may allocate property from the exempt trust first to the share from which a generation-skipping transfer is more likely to occur.

If the trustee considers that any distribution from a trust hereunder other than pursuant to a power to withdraw or appoint is a taxable distribution subject to a generation-skipping tax payable by the distributee, the trustee shall augment the distribution by an amount which the trustee estimates to be sufficient to pay the tax and shall charge the same against the trust to which the tax relates.

If the trustee considers that any termination of an interest in trust property hereunder is a taxable termination subject to a generation-skipping tax, the trustee shall pay the tax from the portion of the trust property to which the tax relates, without adjustment of the relative interests of the beneficiaries.

# SEVENTH ARTICLE
# GOVERNING LAW

SEVENTH:  The law of Illinois shall govern the validity and interpretation of the provisions of this agreement.

13

## EIGHTH ARTICLE
## ADDITIONS

EIGHTH:   Either of us or any other person may transfer or bequeath property acceptable to the trustee, or make the proceeds under policies of life insurance payable, to the trustee to be held under this agreement and may designate the trust to which the property or proceeds shall be added.  If the addition is made by will, the trustee shall accept the statement of the legal representative that the assets delivered to the trustee constitute all of the property to which the trustee is entitled, without inquiring into the representative's administration or accounting.

## NINTH ARTICLE
## POWER TO AMEND OR REVOKE

NINTH:   We may at any time or times amend or revoke this agreement in whole or in part by instrument in writing (other than a will) delivered to the trustee.  The trust property to which any revocation relates shall be conveyed to us or otherwise as we or the survivor of us shall direct.  This power is personal to us and may not be exercised by a legal representative, attorney in fact or others.

## TENTH ARTICLE
## RETIREMENT PLANS AS TRUST ASSETS

TENTH:   Notwithstanding any other provision hereof, and except as provided in this paragraph, the Trustee may not distribute to or for the benefit of the planholder's estate, any charity or any other non-individual beneficiary any benefits payable to this trust under any qualified retirement plan, individual retirement account or other retirement arrangement subject to the "minimum distribution rules" of § 401(a)(9) of the Code, or other comparable provisions of law.  It is our intent that all such retirement benefits be distributed to or held for only individual beneficiaries, within the meaning of § 401(a)(9) and applicable regulations.  Accordingly we direct that such benefits may not

be used or applied for payment of debts, taxes, expenses of administration, or other claims against the planholder's estate; nor for payment of estate, inheritance or similar transfer taxes due on account of death except to the minimum extent that would be required under applicable state or federal tax apportionment law in the absence of any specific provision on the subject in either of our wills or this trust. This paragraph shall not apply to any charitable bequest which is specifically directed to be funded with retirement benefits by other provisions of this instrument.

IN WITNESS WHEREOF, we LAZO DAMJANOVICH and ROZE DAMJANOVICH, have signed this agreement the day and year first above written.

_____
LAZO DAMJANOVICH, Settlor

_____
LAZO DAMJANOVICH, Trustee

_____
ROZE DAMJANOVICH, Settlor

_____
ROZE DAMJANOVICH, Trustee

Signed and sworn to before me this ____ day of _____, 2005.

_____
Notary Public

OFFICIAL SEAL
ANN T. SIMON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-13-2008

# SCHEDULE "A"

# SCHEDULE "B"

# AFFIDAVIT

STATE OF ILLINOIS )
                )
COUNTY OF DUPAGE )

Linda Bal, Attorney for Milica Damjanovich, ("MD") represents and
warrants as follows regarding MD's interest in The Damjanovich Family
Declaration of Trust ('Trust') :

1. I am MD's Bankruptcy attorney. The information in this Affidavit has
   come from my client MD and her sister Sonja Smilga.

2. A copy of Trust is in a separate attachment, which is attached to
   Schedule B.

3. Trust in SIXTH ARTICLE, Section 2 (page 5) establishes Spendthrift
   and Creditors Rights Restrictions.

4. Pursuant to 205 ILCS 665/14, Spendthrift Trusts are Exempt for
   Bankruptcy purposes.

5. MD's father, Lazo Damjanovich died 4/8/2008.

6. MD's mother, Roze Damjanovich died 4/25/2008.

7. The only assets of the Trust are two (2) single family residences.

8. The first single family residence is located at 548 W 65th:
   Willowbrook, IL. Zillow values this residence at $280,900, copy of
   Zillow report attached as Exhibit 1. There is no mortgage on this
   home.

9. The second single family residence is located at 1351 S. Ridge Road:
   Willowbrook, IL. Zillow values this residence at $753,500, copy of
   Zillow report attached as Exhibit 2. There is no mortgage on this
   home.

10. The Trust has no liquid assets.

11. The Trust has no other assets.

12. MD lives in the residence at 1351 S. Ridge Road: Willowbrook.

13. The residence at 548 W. 65th: Willowbrook is rented. The rent covers
    the real estate taxes, insurance and maintenance of the home.

14. Sonja Smilga, MD's sister is the only acting Successor Trustee.

15. MD has declined acting in the Successor Trustee capacity as per MD,
    "Sonja knows what to do. I don't know what or how to do it."

Affiant further states r aught.

_____              2-10-12
                                              _____
Linda G. Bal                                  Date
Attorney at Law

Subscribed and sworn to before me this 10th day of February , 2012.

_____
Notary Public

OFFICIAL SEAL
JOHN A BRUSEWSKI
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/01/12

Prepared by:
Linda Bal & Associates P.C.
207 N. Walnut Street
Itasca, IL 60143
630-285-0255
LindaBal@att.net

Exhibit 1

Homes    Illinois    Du Page    City

## 548 65th St

### Zestimate®: $280,900

Rent Zestimate: $1,814/mo
Est. Mortgage:   $1,036/mo
See current rates on Zillow
775 is an Excellent credit score, what's yours?

| Beds. | -- |
|---|---|
| Baths. | -- |
| Sqft. | -- |
| Lot. | -- |
| Type: | Single Family |
| Year built: | -- |
| Parking. | -- |
| Cooling: | -- |
| Heating: | -- |
| Fireplace. | -- |

More facts

This is a single family home. It is located at 548 65th St
Willowbrook, Illinois. The nearest schools are Mark DeLay
Elementary School, Westview Hills Middle School and
Hinsdale South High School.

**Post for sale/rent**    Save    E-mail    Edit    Share    Map    Print

## Charts and Data

| | Value | Range | 30-day change | $/sqft | Last updated |
|---|---|---|---|---|---|
| **Zestimate** | $280,900 | $163K – $438K | -$6,400 | -- | 02/08/2012 |
| **Rent Zestimate** | $1,814/mo | $1.4K – $2K/mo | +$35 | -- | 01/31/2012 |
| **Owner Comment** | Post a comment | | | | |

**Zillow Mobile**
Real Estate app

**Loading chart.** download the #1

EXHIBIT 2

Homes   Illinois   Du Page   City

Get pre-approved now on Zillow Mortgage Marketplace.

## 1351 S Ridge Rd

### Zestimate®: $753,500

Rent Zestimate:  $3,259/mo
Est. Mortgage.  $2,778/mo
See current rates on Zillow
Check your 2012 Credit Score fo. $0

| | |
|---|---|
| Beds. | -- |
| Baths: | -- |
| Sqft: | -- |
| Lot: | -- |
| Type. | Single Family |
| Year built' | -- |
| Parking. | -- |
| Cooling. | -- |
| Heating: | -- |
| Fireplace: | -- |



This is a single family home. It is located at 1351 S Ridge Rd
Willowbrook, Illinois. The nearest schools are Mark DeLay
Elementary School, Westview Hills Middle School and
Hinsdale South High School.

More facts

Post for sale/rent          Save          E-mail          Edit          Share          Map          Print

## Charts and Data

| | Value | Range | 30-day change | $/sqft | Last updated |
|---|---|---|---|---|---|
| Zestimate | $753,500 | $354K – $942K | +$37,100 | -- | 02/08/2012 |
| Rent Zestimate | $3,259, mo | $2.5K – $3.6K/mo | +$240 | -- | 01/31/2012 |
| Owner Comment | Post a comment | | | | |

1 year   5 years   **10 years**

Zestimate   Rent Zestimate   more

**Zillow Mobile**
Real Estate app

Download the #1

B6C (Official Form 6C) (4/10)

.

In re **Milica Damjanovich**                                    ,      Case No. _____

Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                       *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash in purse** | **735 ILCS 5/12-1001(b)** | **3.00** | **3.00** |
| **Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking account** | **735 ILCS 5/12-1001(b)** | **1.50** | **1.50** |
| **Location: Oxford Bank & Trust, 66495 S. Cass Avenue, Westmont, IL 60559** | | | |
| **Acct ending in 2401** | | | |
| **Note: Account also held in the name of Sonja Damjanovich Smilga** | | | |
| **Household Goods and Furnishings** | | | |
| **Ordinary household goods and furnishings** | **735 ILCS 5/12-1001(b)** | **420.00** | **420.00** |
| **Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | | | |
| **Couch, kitchen table and 6 chairs, bedroom set, bed amwar, end table dresser.** | | | |
| **Wearing Apparel** | | | |
| **Miscellanoeus wearing apparel** | **735 ILCS 5/12-1001(a)** | **75.00** | **75.00** |
| **Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | | | |
| **Furs and Jewelry** | | | |
| **Mink coat (20 years old) watch and misc costume jewelry** | **735 ILCS 5/12-1001(b)** | **35.00** | **35.00** |
| **Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | | | |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| **Digital camera** | **735 ILCS 5/12-1001(b)** | **20.00** | **20.00** |
| **Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | | | |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **Retirement account** | **735 ILCS 5/12-704** | **94.05** | **94.05** |
| **Location: Thrift savings plan** | | | |
| **Acct ending in 3174** | | | |
| **Retirement account** | **735 ILCS 5/12-704** | **3,032.62** | **3,032.62** |
| **Location: Adventist Midwest Management** | | | |
| **Acct ending in 1279** | | | |
| **Other Liquidated Debts Owing Debtor Including Tax Refund** | | | |
| **Anticipated income tax refund** | **735 ILCS 5/12-1001(b)** | **1,500.00** | **1,500.00** |
| **Location: IRS/IDR** | | | |

___1___ continuation sheets attached to Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                   Best Case Bankruptcy

B6C (Official Form 6C) (4/10) -- Cont.

In re  **Milica Damjanovich**                                    ,      Case No. _____
                                                     Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Equitable or Future Interests, Life Estates, etc.** | | | |
| **The Damjanovich Family Trust** | **735 ILCS 5/2-1403** | **Unknown** | **Unknown** |
| **Location; Lazo Damjanovich and Roze Damjanovich, Willowbrook, IL** | | | |
| **Debtor is the beneficiary along with her with sister Sonja Smilga** | | | |
| **See Attachement #1 for Trust document Attachment #2 for Attorney Bal affadavit.** | | | |
| **Office Equipment, Furnishings and Supplies** | | | |
| **Desktop computer, printer and accessoires** | **735 ILCS 5/12-1001(b)** | **15.00** | **15.00** |
| **Location: 1351 S. Ridge Rd., Willowbrook IL 60527** | | | |

| | Total: | **5,196.17** | **5,196.17** |
|---|---|---|---|

Sheet __1__ of __1__ continuation sheets attached to the Schedule of Property Claimed as Exempt

B6D (Official Form 6D) (12/07)

In re   **Milica Damjanovich**                                          ,          Case No. _____

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

■   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

___0___ continuation sheets attached

Subtotal

(Total of this page)

Total

(Report on Summary of Schedules)

0.00            0.00

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6E (Official Form 6E) (4/10)

In re   **Milica Damjanovich**                                                                                    Case No. _____
,
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**0**      continuation sheets attached

B6F (Official Form 6F) (12/07)

In re  **Milica Damjanovich**                                                                          Case No. _____

,

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx7542**<br><br>**Adventis LaGrange Memorial**<br>**75 Remittance Dr., Ste. 3204**<br>**Chicago, IL 60675-3204** | - | | medical bill | | | | 111.00 |
| Account No. **xxxxxx4519**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522-9247** | | | 7/27/2011<br>medical bill | | | | 532.00 |
| Account No. **xxxx1837**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522-9247** | - | | medical bill | | | | 9.00 |
| Account No. **xxxx9022**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522-9247** | - | | medical bill | | | | 29.00 |

__12__  continuation sheets attached

Subtotal
(Total of this page)

681.00

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                          S/N:41113-120126    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Milica Damjanovich**                                                      , Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx2071**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522-9247** | - | | medical bill | | | | 756.00 |
| Account No. **xxxx8669**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522-9247** | - | | medical bill | | | | 161.00 |
| Account No. **xxx0149**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522-9247** | - | | medical bill | | | | 532.00 |
| Account No. **xxxxxxx9001**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522** | - | | MedicalBill | | | | 231.00 |
| Account No. **xxxx0411**<br><br>**Allied Account Services**<br>**422 Bedford Ave.**<br>**Bellmore, NY 11710-3564** | - | | collection Tiffany's | | | | 1,477.00 |

Sheet no. __1__ of __12__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                          **3,157.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Milica Damjanovich**                                                    , Case No. _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **xxxxx5726**<br><br>**AMCA**<br>**PO BOX 1235**<br>**Elmsford, NY 10523-0935** | - | | | | collection Quest | | | | 24.00 |
| Account No. **xxxxx #xx1067**<br><br>**Certegy Payment Recovery Services**<br>**c/o Claims Accounting**<br>**PO Box 30272**<br>**Tampa, FL 33630-3272** | - | | | | returned check charge | | | | 25.00 |
| Account No. **xxxxxxxxxxxx4401**<br><br>**Citibank Usa**<br>**CITICORP CREDIT**<br>**SERVICES/ATTN:CEN.**<br>**PO BOX 20363**<br>**KANSAS CITY, MO 64195** | | | | | Opened  9/01/00  Last Active 12/28/09<br>ChargeAccount - Home Depot | | | | 2,218.00 |
| Account No. **xxxx #xxxx3892**<br><br>**Blatt, Hasenmiller, Leibsker&Moore**<br>**125 S. Wacker Dr., Suite 400**<br>**Chicago, IL 60606-4440** | | | | | Representing:<br>Citibank Usa | | | | Notice Only |
| Account No. **xxxxxxxx4401**<br><br>**Midland Funding LLC**<br>**227 W. Trade St. Ste 1610**<br>**Charlotte, NC 28202** | | | | | Representing:<br>Citibank Usa | | | | Notice Only |

Sheet no. __2__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

2,267.00

B6F (Official Form 6F) (12/07) - Cont.

2/10/12 5:43PM

In re   **Milica Damjanovich**                                           ,        Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **xxxx3648**<br><br>**Credit Protection Assoc.**<br>**13355 Noel Rd.**<br>**Dallas, TX 75240** | - | | | | collection Comcast | | | | 190.00 |
| Account No. **xxxx3648**<br><br>**Comcast Cable**<br>**PO Box 3002**<br>**Southeastern, PA 19398-3002** | | | | | Representing:<br>**Credit Protection Assoc.** | | | | **Notice Only** |
| Account No. **xxxx8421**<br><br>**Emergency Healthcare Phys. H.**<br>**39182 Treasury Center**<br>**Chicago, IL 60694-9100** | - | | | | medical bill | | | | 669.00 |
| Account No. **xxxx9852**<br><br>**Express Response**<br>**PO BOX 406**<br>**Farmingdale, NY 11735-0406** | - | | | | collection No Hair Removal | | | | 269.00 |
| Account No. **xxxxxxxxxxxx9682**<br><br>**Gemb/JC Penny**<br>**ATTENTION:  BANKRUPTCY**<br>**PO BOX 103104**<br>**ROSWELL, GA 30076** | - | | | | Opened  8/01/06  Last Active 10/15/10<br>ChargeAccount | | | | 392.00 |

Sheet no. __3__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,520.00**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Milica Damjanovich**                                                    ,          Case No. _____
                                                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx9682** <br><br> **Nationwide Credit** <br> **PO BOX 26314** <br> **Lehigh Valley, PA 18002-6314** | | | **Representing:** <br> **Gemb/JC Penny** | | | | **Notice Only** |
| Account No. **xxxx3720** <br><br> **Heart and Vascular of Illinois** <br> **Dept. 20 1026 POBOX 5940** <br> **Carol Stream, IL 60197-5940** | | - | medical bill | | | | 124.00 |
| Account No. **xxxx8726** <br><br> **Hinsdale Hospital Cardiology** <br> **PO Box 7000** <br> **Bolingbrook, IL 60440-7000** | | - | medical bill | | | | 15.00 |
| Account No. **xxxx1810** <br><br> **Illinois Collection Service Inc.** <br> **P.O. Box 1010** <br> **Tinley Park, IL 60477-9110** | | - | collection Radiologists of Dupage | | | | 107.00 |
| Account No. **xx-xx8971** <br><br> **Radiologists of DuPage** <br> **520 E. 22nd St** <br> **Lombard, IL 60148** | | | **Representing:** <br> **Illinois Collection Service Inc.** | | | | **Notice Only** |

Sheet no. __4__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

246.00

B6F (Official Form 6F) (12/07) - Cont.

In re   **Milica Damjanovich**                                    ,        Case No. _____

                                          Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxx9152<br><br>**KOHLS/CAPONE<br>N56 W 17000 RIDGEWOOD DR<br>MENOMONEE FALLS, WI 53051** | - | | Opened  8/01/99  Last Active  3/19/10<br>ChargeAccount | | | | 2,696.00 |
| Account No. xxx #xxx7128<br><br>**Enhanced Recovery Company<br>8014 Bayberry Rd<br>Jacksonville, FL 32256-7412** | | | Representing:<br>KOHLS/CAPONE | | | | Notice Only |
| Account No. xxxx7781<br><br>**RGS Collections<br>PO BOX 852039<br>Richardson, TX 75085-2039** | | | Representing:<br>KOHLS/CAPONE | | | | Notice Only |
| Account No. xxxxx9625<br><br>**Laurie Goldman M.D.<br>PO BOX 609<br>Tinley Park, IL 60477-0609** | - | | medical bill | | | | 165.00 |
| Account No. xxxxxxxxxxxx7300<br><br>**LVNV FUNDING LLC<br>P.O. BOX 10584<br>GREENVILLE, SC 29603** | - | | Opened  1/01/10<br>FactoringCompanyAccount HSBC BANK NEV<br>BEST BUY | | | | 6,393.00 |

Sheet no. __5__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    9,254.00

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re  **Milica Damjanovich**                                              , Case No. _____

Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx7300**<br><br>**HSBC Retail Services**<br>**P.O. Box 17298**<br>**Baltimore, MD 21297-1298** | | | Representing:<br>**LVNV FUNDING LLC** | | | | **Notice Only** |
| Account No. **xxxx #xxxxxxxx0055**<br><br>**Weltman Weinberg & Reis**<br>**PO BOX 5402**<br>**Cleveland, OH 44101-0402** | | | Representing:<br>**LVNV FUNDING LLC** | | | | **Notice Only** |
| Account No. **xxxx7164**<br><br>**Macys**<br>**PO BOX 8061**<br>**Mason, OH 45040-8061** | - | | **credit card** | | | | **438.00** |
| Account No. **xxxx3411**<br><br>**Malcolm Gerald & Assoc.**<br>**332 S. Michigan Ave., Ste. 600**<br>**Chicago, IL 60604** | - | | **collection Adventist Hinsdale Hosp.** | | | | **25.00** |
| Account No. **xxxxx3411**<br><br>**Adventist Hinsdale Hospital**<br>**PO Box 9247**<br>**Oak Brook, IL 60522** | | | Representing:<br>**Malcolm Gerald & Assoc.** | | | | **Notice Only** |

Sheet no. __6__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**463.00**

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re    **Milica Damjanovich**                                         ,        Case No. _____
                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **xxxx3837** | | | | | collection Adventist Hinsdale Hosp. | | | | |
| **Malcolm Gerald & Assoc.** 332 S. Michigan Ave., Ste. 600 Chicago, IL 60604 | - | | | | | | | | 70.00 |
| Account No. **xxxxxxx3837** | | | | | Representing: Malcolm Gerald & Assoc. | | | | |
| **Adventist Hinsdale Hospital** PO Box 9247 Oak Brook, IL 60522 | | | | | | | | | Notice Only |
| Account No. **xxxx4650** | | | | | collection Adventist Hinsdale Hosp. | | | | |
| **Malcolm Gerald & Assoc.** 332 S. Michigan Ave., Ste. 600 Chicago, IL 60604 | - | | | | | | | | 82.00 |
| Account No. **xxx4650** | | | | | Representing: Malcolm Gerald & Assoc. | | | | |
| **Adventist Hinsdale Hospital** PO Box 9247 Oak Brook, IL 60522 | | | | | | | | | Notice Only |
| Account No. **xxxx1011** | | | | | collection Good Samaritan Hosp. | | | | |
| **Medical Recovery Specialists, Inc.** 2250 E. Devon Ave., Ste. 352 Des Plaines, IL 60018-4521 | - | | | | | | | | 337.00 |

Sheet no. __7___ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | Subtotal (Total of this page) | 489.00 |
|---|---|---|

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6F (Official Form 6F) (12/07) - Cont.

In re    **Milica Damjanovich**                                                                    ,        Case No. _____
                                                                          Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | |
| Account No. **xxxxxx1011**<br><br>**Good Samaritan Hospital**<br>**PO BOX 93548**<br>**Chicago, IL 60673-0001** | | | | **Representing:**<br>**Medical Recovery Specialists, Inc.** | | | | **Notice Only** |
| Account No. **xxxx0973**<br><br>**Medical Recovery Specialists, Inc.**<br>**2250 E. Devon Ave., Ste. 352**<br>**Des Plaines, IL 60018-4521** | | - | | collection Good Samaritan Hosp. | | | | **486.00** |
| Account No. **xxxxxxx0973**<br><br>**Good Samaritan Hospital**<br>**PO BOX 93548**<br>**Chicago, IL 60673-0001** | | | | **Representing:**<br>**Medical Recovery Specialists, Inc.** | | | | **Notice Only** |
| Account No. **xxxxx3311**<br><br>**Merchants Cr**<br>**223 W. JACKSON BLVD.**<br>**SUITE 400**<br>**CHICAGO, IL 60606** | | - | | **Opened  8/01/09**<br>**CollectionAttorney ADVENTIST HINSDALE HOSPITAL** | | | | **532.00** |
| Account No. **xxxxxx0794**<br><br>**Merchants Cr**<br>**223 W. JACKSON BLVD.**<br>**SUITE 400**<br>**CHICAGO, IL 60606** | | - | | **Opened 10/01/09**<br>**CollectionAttorney ADVENTIST HINSDALE HOSPITAL** | | | | **125.00** |

Sheet no. __**8**__ of __**12**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,143.00**

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Milica Damjanovich**                                                          ,    Case No. _____
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx0926** <br><br> **Merchants Cr** <br> **223 W. JACKSON BLVD.** <br> **SUITE 400** <br> **CHICAGO, IL 60606** | - | | Opened  5/01/11 <br> CollectionAttorney ADVENTIST HINSDALE HOSPITAL | | | | 739.22 |
| Account No. **xxx3837** <br><br> **Merchants Cr** <br> **223 W. JACKSON BLVD.** <br> **SUITE 400** <br> **CHICAGO, IL 60606** | - | | Opened  7/01/11 <br> CollectionAttorney ADVENTIST HINSDALE HOSPITAL | | | | 70.00 |
| Account No. **xxxxxxxx3837** <br><br> **Adventist Hinsdale Hospital** <br> **PO Box 9247** <br> **Oak Brook, IL 60522** | | | Representing: <br> Merchants Cr | | | | **Notice Only** |
| Account No. **xxxxx3269** <br><br> **MIDLAND CREDIT MGMT IN** <br> **8875 AERO DR** <br> **SAN DIEGO, CA 92123** | - | | Opened 12/01/10 <br> FactoringCompanyAccount CITIBANK USA N.A | | | | 2,337.00 |
| Account No. **xxxx1813** <br><br> **Prasad Gourineni** <br> **3420 Adams Rd.** <br> **Oak Brook, IL 60523** | - | | medical bill | | | | 45.00 |

Sheet no. __**9**__ of __**12**__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,191.22

B6F (Official Form 6F) (12/07) - Cont.

In re  **Milica Damjanovich**                                                    , Case No. _____
                        Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxxxx0573<br><br>**PROMPT RECOV**<br>**9347 RAVENNA RD STE G**<br>**TWINSBURG, OH 44087** | - | | 01 CARE OF TREES THE | | | | 710.00 |
| Account No. xxxxxxx #xxx3525<br><br>**Quest Diagnostics**<br>**P.O. Box 809403**<br>**Chicago, IL 60680-9403** | - | | medical bill | | | | 59.00 |
| Account No. xxxx4784<br><br>**Quest Diagnostics**<br>**P.O. Box 64804**<br>**Baltimore, MD 21264-4804** | - | | medical bill | | | | 19.00 |
| Account No. xxxx0590<br><br>**Richfield Laboratory**<br>**Ameripath Cincinnati, Inc.**<br>**14872 Collections Center Dr.**<br>**Chicago, IL 60693-0001** | - | | medical bill | | | | 32.00 |
| Account No. xxxx0769<br><br>**STATE COLLECTION SERVI**<br>**ATTN: BANKRUPTCY**<br>**PO BOX 6250**<br>**MADISON, WI 53716** | | | Opened 10/01/08<br>CollectionAttorney EMERGENCY HEALTHCARE PHYSICIAN | | | | 776.00 |

Sheet no. __10__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)        **1,596.00**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Milica Damjanovich**                                                    ,        Case No. _____
                                         Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **xxx5737**<br><br>**STATE COLLECTION SERVI**<br>**ATTN: BANKRUPTCY**<br>**PO BOX 6250**<br>**MADISON, WI 53716** | - | | | | Opened  9/01/08<br>**CollectionAttorney EMERGENCY**<br>**HEALTHCARE PHYSICIAN** | | | | 234.00 |
| Account No. **xxxxx xxxxxxx #xxxx5352**<br><br>**Target Corporation Recovery Ser.**<br>**PO BOX 30171**<br>**Tampa, FL 33630-3171** | - | | | | returned check fee | | | | 119.00 |
| Account No. **xxxxx xxxxxxx#xxxx7824**<br><br>**Target Corporation Recovery Ser.**<br>**PO BOX 30171**<br>**Tampa, FL 33630-3171** | - | | | | returned check fee | | | | 77.00 |
| Account No. **xxx #xxxxxxxxxxx0166**<br><br>**TRS Recovery Services**<br>**PO BOX 60022**<br>**City of Industry, CA 91716-0022** | - | | | | returned check fee | | | | 125.00 |
| Account No. **x3529**<br><br>**West Surburban Womens Health**<br>**75 Remittance Drive #3247**<br>**Chicago, IL 60675-3247** | - | | | | medical bill | | | | 120.00 |

Sheet no. __11__ of __12__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**675.00**

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re   **Milica Damjanovich**                                                                    ,        Case No. _____
                                                    Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Creditors Discount & Audit Co. 415 E. Main St. PO BOX 213 Streator, IL 61364-0213** | | | **Representing: West Surburban Womens Health** | | | | **Notice Only** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

| | | |
|---|---|---|
| Sheet no. __12__ of __12__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal (Total of this page) | **0.00** |
| | Total (Report on Summary of Schedules) | **24,682.22** |

B6G (Official Form 6G) (12/07)

In re   **Milica Damjanovich** _____,   Case No. _____
                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                                Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re  **Milica Damjanovich** _____,    Case No. _____
                                           Debtor

# SCHEDULE H - CODEBTORS

   Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| | |

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com

B6I (Official Form 6I) (12/07)

In re  **Milica Damjanovich**                                                              Case No. _____
                               Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Student** | |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | 0.00 | $ | N/A |
| 2. Estimate monthly overtime | $ | 0.00 | $ | N/A |
| 3. SUBTOTAL | $ | 0.00 | $ | N/A |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | 0.00 | $ | N/A |
| b. Insurance | $ | 0.00 | $ | N/A |
| c. Union dues | $ | 0.00 | $ | N/A |
| d. Other (Specify): | $ | 0.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | N/A |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | N/A |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 0.00 | $ | N/A |
| 8. Income from real property | $ | 0.00 | $ | N/A |
| 9. Interest and dividends | $ | 0.00 | $ | N/A |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | 0.00 | $ | N/A |
| 11. Social security or government assistance (Specify): **Food Stamps** | $ | 115.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 12. Pension or retirement income | $ | 0.00 | $ | N/A |
| 13. Other monthly income (Specify): **Contirbutions from family and friends** | $ | 420.00 | $ | N/A |
| | $ | 0.00 | $ | N/A |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 535.00 | $ | N/A |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 535.00 | $ | N/A |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | | 535.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Debtor received Licensed practical nurse degree in December, 2011 and is currently looking for work.**

B6J (Official Form 6J) (12/07)

In re **Milica Damjanovich**                                           Case No. _____
_____
Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 0.00 |
| a. Are real estate taxes included? | Yes ___   No **X** | | |
| b. Is property insurance included? | Yes ___   No **X** | | |
| 2. Utilities:       a. Electricity and heating fuel | | $ | 0.00 |
| b. Water and sewer | | $ | 0.00 |
| c. Telephone | | $ | 0.00 |
| d. Other _____ | | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 0.00 |
| 4. Food | | $ | 250.00 |
| 5. Clothing | | $ | 50.00 |
| 6. Laundry and dry cleaning | | $ | 10.00 |
| 7. Medical and dental expenses | | $ | 0.00 |
| 8. Transportation (not including car payments) | | $ | 175.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 50.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
| a. Homeowner's or renter's | | $ | 0.00 |
| b. Life | | $ | 0.00 |
| c. Health | | $ | 0.00 |
| d. Auto | | $ | 0.00 |
| e. Other _____ | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) _____ | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
| a. Auto | | $ | 0.00 |
| b. Other _____ | | $ | 0.00 |
| c. Other _____ | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other _____ | | $ | 0.00 |
| Other _____ | | $ | 0.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)          $          535.00

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
_____

20. STATEMENT OF MONTHLY NET INCOME
| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 535.00 |
| b.   Average monthly expenses from Line 18 above | $ | 535.00 |
| c.   Monthly net income (a. minus b.) | $ | 0.00 |

2/10/12 5:43PM

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Milica Damjanovich**

Debtor(s)

Case No. _____

Chapter   **7**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **49** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **February 10, 2012**

Signature   **/s/ Milica Damjanovich**

**Milica Damjanovich**

Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Milica Damjanovich**

Debtor(s)

Case No. _____

Chapter   **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$9,364.00** | **2011: Debtor Employment Income** |
| **$7,558.00** | **2010: Debtor Employment Income** |

---

**2. Income other than from employment or operation of business**

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                      SOURCE

### 3. Payments to creditors

None
■

***Complete a. or b., as appropriate, and c.***

a.  *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
■

b.  *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
| --- | --- | --- | --- |

None
■

c.  *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |
| **Midland Funding LLC, Plaintiff vs Milica Damjanovich, Defendant Case #11 SC 3892** | **Small Claims** | **Circuit Court of the Eighteenth Judical Circuit Du Page County, IL** | **Judgment** |
| **LVNV Funding LLC, Plaintiff vs Milica Damjanovich, Defendant Case #12 SR 000055** | **Collection** | **Circuit Court of the Eighteenth Judical Circuit Du Page County, IL** | **Pending** |

None
■

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

---

\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Repossessions, foreclosures and returns**

None
■

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

**6. Assignments and receiverships**

None
■

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None
■

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

**7. Gifts**

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

**8. Losses**

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Linda Bal & Associates** **207 N. Walnut St.** **Itasca, IL 60143** | **1/13//2011** | **$795.00** |

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Credit Card Management Services Inc aka DebtHelper.com 4611 Okeechobee Blvd. #114 West Palm Beach, FL 33417** | **2/8/2012** | **$35.00** |

---

### 10. Other transfers

None ■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

### 11. Closed financial accounts

None ☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Salt Creek Credit Union** | **Savings account ending in 87 Final balance $254.24** | **Closed 11/22/2011 by bank for excessinve NSF fees.** |

---

### 12. Safe deposit boxes

None ■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

### 13. Setoffs

None ■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

### 14. Property held for another person

None ■

List all property owned by another person that the debtor holds or controls.

---

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**15.  Prior address of debtor**

None ■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

---

**16. Spouses and Former Spouses**

None ■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|---------|

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **February 10, 2012**

Signature **/s/ Milica Damjanovich**

**Milica Damjanovich**
Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Northern District of Illinois

In re __Milica Damjanovich__ _____     Case No. _____

Debtor(s)                          Chapter    __7__ _____

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A -** Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate.  Attach additional pages if necessary.)

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br>**-NONE-** | **Describe Property Securing Debt:** |

Property will be (check one):
- ☐ Surrendered          ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt                          ☐ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>**-NONE-** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES          ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date __February 10, 2012_____          Signature __/s/ Milica Damjanovich_____
                                                      **Milica Damjanovich**
                                                      Debtor

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

# United States Bankruptcy Court
### Northern District of Illinois

In re   **Milica Damjanovich**

Debtor(s)

Case No.

Chapter   **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 795.00 |
| Prior to the filing of this statement I have received | $ | 795.00 |
| Balance Due | $ | 0.00 |

2.   $ **306.00**   of the filing fee has been paid.

3.   The source of the compensation paid to me was:

☑ Debtor      ☐ Other (specify):

4.   The source of compensation to be paid to me is:

☑ Debtor      ☐ Other (specify):

5.   ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b.   Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d.   [Other provisions as needed]
   **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

7.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **February 10, 2012**

**/s/ Linda G. Bal**
**Linda G. Bal 6202830**
**Linda Bal Law Inc.**
**207 N. Walnut Street**
**Itasca, IL 60143**
**630-285-0255   Fax: 866-285-0754**
**LindaBal@att.net**

---

**LINDA G. BAL**
ATTORNEY AT LAW, MBA
Linda Bal Law Inc.
207 North Walnut Street • Itasca, Illinois 60143
630.285.0255 • Fax: 866.285.0754
Email: LindaBal@att.net

## Bankruptcy Retainer Agreement   DuPage

### OUR LAW FIRM IS A DEBT RELIEF AGENCY. WE HELP PEOPLE FILE FOR BANKRUPTCY RELIEF UNDER THE US BANKRUPTCY CODE.

In consideration for services to be rendered to undersigned Client(s), _____
_____ MILICA   PAMJANOVICH _____
_____ ("Client")
retain Attorney, Linda G. Bal, ("Attorney"), in connection with representing Client regarding bankruptcy matters, Client, jointly and severally agree to the following:

1.  The Flat Fee of $ 795 _____ for Legal Fees is required to be paid for representation of Client in Chapter 7 Bankruptcy Case.

2.  An additional $ 306 is to be paid by Client for the Court Filing Fee of the Bankruptcy Petition. This fee is to be paid directly to Attorney Linda Bal.

3.  An additional $ NA is to be paid by Client for _____
_____
_____.

4.  An additional $50.00 fee for two Required Credit Counseling Courses ($35.00 for first class and $15.00 for second class – if taken on internet). This fee is to be paid directly to the Credit Counseling Course Company. (Classes taken by phone call are $80.00 or $40.00 per class.)

5.  **Client understands that Attorney will not do any work on client's file until Legal Fees (line 1) and Court Filing Fee (line 2) are paid in full.**

6.  Client understands that the Bankruptcy Petition will be prepared for Client's review and signing thirty (30) days after Legal Fee and Court Filing Fee are paid in full, Client has completed the twenty-four page Client Questionnaire, returned all required documents and taken the first bankruptcy class.

7. Once the Bankruptcy Petition is signed by the Client and filed with the Court, additional bills can be added to the Bankruptcy Petition through an Amendment for a fee of One Hundred Fifty Dollars ($150.00) per Amendment. This fee must be received prior to filing the Amendment. Amendments can be filed with the Court up until the date of Final Discharge.

8. Client understands that if any check given in payment to Attorney is returned for insufficient funds, Client agrees to immediately pay Attorney a Forty Dollar ($40.00) NSF check fee in addition to the amount of the returned check. This payment and any future payments must therefore be made in cash, certified check or money order.

9. Attorney reserves the right to withdraw from Client representation at any time, if among other things, Client fails to honor the terms of this Agreement, including non-payment of Attorney and court filing fees; Client fails to cooperate or follow advice on a material matter, or if any fact or circumstance arises or is discovered that would render continuing representation unlawful or unethical. Client is aware of an ethical requirement imposed upon all Attorneys in the State of Illinois and Attorney is an officer of the court. If a Client, in the course of representation by an Attorney, perpetrates a fraud upon any person or tribunal, the Attorney is obligated to call upon the Client to rectify the same. If the Client refuses or is unable to do so, the Attorney is required to reveal the fraud to the affected person or tribunal.

10. Since the outcome of negotiations and litigation is subject to factors which cannot always be foreseen, Client acknowledges and understands that Attorney has made no promises or guarantees to Client concerning the outcome and is unable do so. Nothing in this Bankruptcy Retainer Agreement shall be construed as such a promise or guarantee.

11. Client agrees that Attorney may discard Client records within five (5) years of the completion of the Client's bankruptcy case.

12. Attorney shall provide Client with the following services:

   a. Review and analyze Clients financial circumstances based on information provided by Client.

   b. If possible and to the extent possible, based on the information provided by Client, advise Client of the Clients options, including but not limited to bankruptcy options.

   c. Inform Client what information Client needs to provide Attorney in order to allow Attorney to provide appropriate advice and option information, in the event such information Client provided is insufficient.

    d.    Advise Client of the appropriate requirements in connection with the filing of a Chapter 7 or Chapter 13 bankruptcy, including the duties of Client connected with such filing.

    e.    Assuming that a U.S. Bankruptcy proceeding is filed, Attorney services will include all typical Attorney required participation in such proceeding, including attending Meeting with Trustee, 341 Meeting.

    f.    If Client's proceeding requires additional, but not customary work, Attorney will inform Client directly, and enter into a separate written contract for such services to fully apprise Client of the fees, payment requirements, and expected services to be provided.

13.    Client acknowledges his/her obligation to make full and complete disclosure of all assets and al liabilities, and to provide all documents and information requested by the Attorney, before the bankruptcy petition can be prepared and filed with the court.

14.    Client acknowledges that he/she much attend pre-petition credit counseling before the bankruptcy petition can be filed. Client understands that he/she must also attend post-petition counseling after the bankruptcy petitions is filed and within the time frame allowed by statute. **Client acknowledges that the bankruptcy cannot be filed without the certificate of completion of the pre-bankruptcy credit counseling. Client understands that no discharge of debts will be issued if the post-bankruptcy credit counseling is not completed within the statutory time frame.**

15.    Client acknowledges that Attorney does not represent Client in any other type of case, lawsuit or proceeding other than Clients bankruptcy case. The Attorney may make a special appearance in a court, other than the Bankruptcy Court, for the purpose of filing a notification of Clients bankruptcy proceedings, and to suggest to another court that Clients proceedings should be stayed. Sending or receiving any summons or complaint, or notifying the Attorney of a pending lawsuit does not obligate the Attorney to represent Client in that lawsuit or before that court. Any representation of Client in a state court proceeding, including without limitation: collection lawsuits, foreclosure lawsuits, and etc., is not included in this Bankruptcy Retainer Agreement.

16.    **Client acknowledges that the Attorney will not research creditor information, including addresses, account numbers, or balances. The Client must provide this information to the Attorney in writing. Failure to do so may result in unscheduled debts subject to non-dischargeability.**

17. Client agrees that the following matters are **not** included within the scope of this Bankruptcy Retainer Agreement. Client agrees that, as to the matters listed below, the Attorney will not take any action on Clients behalf, without a written request and/or a separate Retainer Agreement and possibly an additional retainer:

   a. Preparing Reaffirmation Agreements, negotiating the terms of reaffirmation agreements proposed by creditors, motions to redeem personal property, and negotiating reaffirmation agreements when Clients income is not sufficient to rebut the presumption of undue hardship and special circumstances do not warrant the signing of a reaffirmation agreement.
   b. Motion to impose or extend the bankruptcy stay.
   c. Removal of bank account freezes.
   d. Motions to revoke a discharge.
   e. Removal of a pending action in another court.
   f. Obtaining title reports.
   g. The determination of real estate or tax liens.
   h. Appeals to the BAP, District Court of Court of Appeals.
   i. Correcting credit reports.
   j. Negotiations with Check Systems regarding Client.
   k. Motions to Discuss Clients bankruptcy case filed by the Trustee, U.S. Trustee, or any creditor.
   l. Any Adversary Proceeding filed by the Trustee, U.S. Trustee, or any other party on any basis, including, without limitations, proceedings to determine dischargability of debts.

18. Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Clients bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy. Client further understands that the list of non-dischargeable debts may be expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

   a. Taxes due to the IRS.
   b. Student loans as defined by statute.
   c. Debts owed for spousal or child support.
   d. Debts owed to the spouse, former spouse, or child in a domestic relations proceeding.
   e. Debts arising from a previous bankruptcy wherein discharge of that particular debt was waived.

f.   Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud.

g.   Consumer debts for luxury goods obtained within ninety (90) days of the date of filing of the bankruptcy petition.

h.   Cash advances obtained within seventy (70) days of the date of the filing of the bankruptcy petition.

i.   Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny.

j.   Debts owed for fines, penalties, or forfeitures payable to and for the benefit of governmental entity.

k.   Debts owed for death or personal injury arising from the operation of a motor vehicle, boat, or aircraft while intoxicated by drugs or alcohol.

19.   Client understands that filing bankruptcy does not automatically discharge or remove liens from any real estate. Client agrees that the Attorney will not take any action to avoid (remove) any lien on real estate unless Client specifically authorizes the Attorney to do so in writing. Client agrees that the Attorney will rely on Clients statements concerning ownership of real property and any liens attached to Clients real property. Client agrees that no real estate title search will be conducted. Client agrees that Attorney will not conduct a public records search for lawsuits filed against Client or judgments granted against Client. Client must separately order and pay for a real estate title search, or public records search for lawsuits or judgments, if Clients wishes to obtain one. **Client agrees to hold the Attorney harmless if client later discovers liens, lawsuits or judgments against Client or against Clients real estate.**

20.   Client understands that individuals who file for relief under Chapter 7 or Chapter 13 of the Bankruptcy Code are subject to audits by the U.S. Trustee. If Clients case is selected for an audit, Client agrees to pay Attorney the customary hourly rate for representing Client in such audit.

21.   Client acknowledges that Client has read and understands all the terms contains in this Bankruptcy Retainer Agreement and that, whether written, spoken, recorded or transcribed by any other means, no other terms are made part of this Bankruptcy Retainer Agreement. Client is in agreement with the terms of this agreement and has signed on the signature lines below. Client further acknowledges that Client has received a copy of this Bankruptcy Retainer Agreement.

Dated: _____12 - 3 - 11_____

Linda Bai Law Inc
Bankruptcy Retainer Agreement
Page 6 of 6

Client Signature                              Client Printed Name    MiLicA Dam Gavovic

_____                       _____
Client Spouse Signature                       Client Spouse Printed Name

_____
Attorney at Law

Client Email Address _____ O PANKE QUEEN @ me com

Client Phone Number _____ 6 - 632-9911

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

With limited exceptions, **§ 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

In addition, after filing a bankruptcy case, **an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Milica Damjanovich**                                            Case No.
                                                    Debtor(s)        Chapter   **7**

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

| **Milica Damjanovich** | X **/s/ Milica Damjanovich** | **February 10, 2012** |
|---|---|---|
| Printed Name(s) of Debtor(s) | Signature of Debtor | Date |
| Case No. (if known) _____ | X _____ | |
| | Signature of Joint Debtor (if any) | Date |

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Milica Damjanovich** _____    Case No. _____
                                    Debtor(s)                   Chapter   **7** _____

## VERIFICATION OF CREDITOR MATRIX

Number of Creditors: _____ **44**

The above-named Debtor(s) hereby verifies that the list of creditors is true and correct to the best of my (our) knowledge.

Date:   **February 10, 2012** _____        **/s/ Milica Damjanovich** _____
                                                     **Milica Damjanovich**
                                                     Signature of Debtor

Adventis LaGrange Memorial
75 Remittance Dr., Ste. 3204
Chicago, IL 60675-3204

Adventist Hinsdale Hospital
PO Box 9247
Oak Brook, IL 60522-9247

Adventist Hinsdale Hospital
PO Box 9247
Oak Brook, IL 60522

Allied Account Services
422 Bedford Ave.
Bellmore, NY 11710-3564

AMCA
PO BOX 1235
Elmsford, NY 10523-0935

Blatt, Hasenmiller, Leibsker&Moore
125 S. Wacker Dr., Suite 400
Chicago, IL 60606-4440

Certegy Payment Recovery Services
c/o Claims Accounting
PO Box 30272
Tampa, FL 33630-3272

Citibank Usa
CITICORP CREDIT SERVICES/ATTN:CEN.
PO BOX 20363
KANSAS CITY, MO 64195

Comcast Cable
PO Box 3002
Southeastern, PA 19398-3002

Credit Protection Assoc.
13355 Noel Rd.
Dallas, TX 75240

Creditors Discount & Audit Co.
415 E. Main St.
PO BOX 213
Streator, IL 61364-0213


Emergency Healthcare Phys. H.
39182 Treasury Center
Chicago, IL 60694-9100


Enhanced Recovery Company
8014 Bayberry Rd
Jacksonville, FL 32256-7412


Express Response
PO BOX 406
Farmingdale, NY 11735-0406


Gemb/JC Penny
ATTENTION: BANKRUPTCY
PO BOX 103104
ROSWELL, GA 30076


Good Samaritan Hospital
PO BOX 93548
Chicago, IL 60673-0001


Heart and Vascular of Illinois
Dept. 20 1026 POBOX 5940
Carol Stream, IL 60197-5940


Hinsdale Hospital Cardiology
PO Box 7000
Bolingbrook, IL 60440-7000


HSBC Retail Services
P.O. Box 17298
Baltimore, MD 21297-1298


Illinois Collection Service Inc.
P.O. Box 1010
Tinley Park, IL 60477-9110


KOHLS/CAPONE
N56 W 17000 RIDGEWOOD DR
MENOMONEE FALLS, WI 53051

Laurie Goldman M.D.
PO BOX 609
Tinley Park, IL 60477-0609


LVNV FUNDING LLC
P.O. BOX 10584
GREENVILLE, SC 29603


Macys
PO BOX 8061
Mason, OH 45040-8061


Malcolm Gerald & Assoc.
332 S. Michigan Ave., Ste. 600
Chicago, IL 60604


Medical Recovery Specialists, Inc.
2250 E. Devon Ave., Ste. 352
Des Plaines, IL 60018-4521


Merchants Cr
223 W. JACKSON BLVD.
SUITE 400
CHICAGO, IL 60606


MIDLAND CREDIT MGMT IN
8875 AERO DR
SAN DIEGO, CA 92123


Midland Funding LLC
227 W. Trade St. Ste 1610
Charlotte, NC 28202


Nationwide Credit
PO BOX 26314
Lehigh Valley, PA 18002-6314


Prasad Gourineni
3420 Adams Rd.
Oak Brook, IL 60523


PROMPT RECOV
9347 RAVENNA RD STE G
TWINSBURG, OH 44087

Quest Diagnostics
P.O. Box 809403
Chicago, IL 60680-9403


Quest Diagnostics
P.O. Box 64804
Baltimore, MD 21264-4804


Radiologists of DuPage
520 E. 22nd St
Lombard, IL 60148


RGS Collections
PO BOX 852039
Richardson, TX 75085-2039


Richfield Laboratory
Ameripath Cincinnati, Inc.
14872 Collections Center Dr.
Chicago, IL 60693-0001


STATE COLLECTION SERVI
ATTN: BANKRUPTCY
PO BOX 6250
MADISON, WI 53716


Target Corporation Recovery Ser.
PO BOX 30171
Tampa, FL 33630-3171


TRS Recovery Services
PO BOX 60022
City of Industry, CA 91716-0022


US DEPT OF ED/GLELSI
2401 INTERNATIONAL LN
MADISON, WI 53704


USDOE/GLELSI
2401 INTERNATIONAL
MADISON, WI 53704


Weltman Weinberg & Reis
PO BOX 5402
Cleveland, OH 44101-0402

West Surburban Womens Health
75 Remittance Drive #3247
Chicago, IL 60675-3247